**Ex parte Ebbie VEASLEY.**

**No. 41947.**

Court of Criminal Appeals of Texas.

Feb. 26, 1969.

Myron Garner, Dallas, for appellant.

Henry Wade, Dist. Atty., Kerry Fitz-Gerald and C. H. Erwin, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is a habeas corpus proceeding brought under the provisions of Art. 11.07, Vernon's Ann.C.C.P., and the opinion in Ex parte Young, Tex.Cr.App., 418 S.W. 2d 824, seeking petitioner's release from a twenty-five year conviction for (Art. 535d P.C.) fondling.

A hearing was held on November 21, 1968, before the Honorable Jerome Chamberlain, District Judge, and a record of the same was certified to this Court.

The record reveals that petitioner was convicted on April 11, 1960, in the Crim-inal District Court in Dallas County. The petitioner personally gave notice of appeal. The petitioner was represented by his retained counsel at his trial, but the attorney withdrew from the case after the trial since he could not collect his fee. The petitioner requested the trial court, both in person and by letter to appoint an attorney to represent him on appeal since he was indigent. The evidence at the hearing reveals that no attorney was ever appointed or that the trial court furnished the petitioner with a statement of facts as requested. Petitioner's appeal to this Court was affirmed in an unreported per curiam opinion on November 2, 1960, which recites that the record contains no statement of facts or bills of exception.

At the conclusion of the hearing, Judge Chamberlain found that the petitioner was indigent at the time of his appeal and had requested that the trial court appoint counsel to conduct his appeal; that he had timely and properly requested the court to furnish him a statement of facts of his trial; and that no counsel was appointed to appeal his case and no statement of facts was furnished for him.

Judge Chamberlain further found that it is now impossible to afford the petitioner with a full and complete statement of facts of the original trial of his cause in order to enable him to properly proceed with an out-of-time appeal.

From an examination of the record of the hearing, it is concluded that the findings and conclusions of Judge Chamberlain are sufficiently supported.

Therefore, the application for writ of habeas corpus is granted, and the petitioner is ordered released from the Department of Corrections under his conviction in Cause C-8523-H, and delivered to the Sheriff of Dallas County to answer the indictment pending against him in said cause.

It is so ordered.

DOUGLAS, J., not participating.