**Ex parte Amos GAINES.**

**No. 43017.**

Court of Criminal Appeals of Texas.

May 13, 1970.

Frank E. Caton, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., and in accordance with Ex parte Young, Tex.Cr. App., 418 S.W.2d 824. The applicant seeks his release from confinement in the Department of Corrections where he is serving a sentence of ninety-nine years for murder in Cause No. 98,581 in the Criminal District Court No. 5 of Harris County. The cause was affirmed by this court in a per curiam opinion in Cause No. 35,018 on the 14th day of November, 1962.

A hearing was held before the Honorable Sam Davis, judge of the 179th District Court, where, among other things, it was stipulated as set out below.

Applicant had appointed counsel at his trial. Sentence was pronounced and notice of appeal was given by appointed counsel on May 2, 1962. Counsel then informed the applicant that he would not represent him on appeal. No motion to withdraw was ever filed or notice given to the court by appointed counsel that he would not pursue the case on appeal. No request was made of Judge Davis to appoint other counsel. No appellate brief was filed. The stenographic notes of the testimony taken during the trial of the case had been destroyed, and it was impossible to provide a transcript of the evidence for an appeal.

After the hearing Judge Davis found:

"* * * [t]hat by reason of the above facts and in the light of the above evidence, the defendant was denied effective representation of counsel on appeal after his conviction in the then Criminal District Court Number 5 presently the 179th District Court of Harris County, Texas."

Upon the findings of the trial court and in accordance with the holdings of the Supreme Court of the United States in Douglas v. California, 372 U.S. 353, 83 S. Ct. 814, 9 L.Ed.2d 811, and Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L. Ed.2d 33, the conviction cannot stand. See also Breen v. Beto, 5 Cir., 421 F.2d 945, and Ex parte Coleman, Tex.Cr.App., 455 S.W. 2d 209 (this day decided).

The applicant is ordered released from the Department of Corrections to the Sheriff of Harris County to answer to the indictment in said Cause No. 98,581.