**Ex parte Chris RANDALL.**

**No. 44707.**

Court of Criminal Appeals of Texas.

Oct. 20, 1971.

Brian A. Eberstein, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is a habeas corpus proceeding attacking the conviction, with punishment assessed at life, affirmed in a Per Curiam Opinion by this Court in Randall v. State, No. 36,224, on November 20, 1963.

A hearing was held before Judge James B. Zimmermann, Judge of Criminal District Court No. 3, of Dallas County, at the conclusion of which findings of fact and conclusion of law were made that Petitioner gave proper notice of appeal at the time of sentencing; Petitioner was indigent and could not afford counsel at the time of sentencing and giving notice of appeal; that he was not appointed counsel on appeal; no brief was filed in his behalf or argument presented before the Court of Criminal Appeals; that Petitioner did not have a full record on his appeal; and there is no statement of facts upon which Petitioner may be granted an out of time appeal. The

record does not reveal waiver of counsel by Petitioner.

The trial court concluded "In view of Ex parte Marshall [Tex.Cr.App.], 445 S.W.2d 212, the Court is of the opinion that Petitioner's Application for Writ of Habeas Corpus is with merit and should be granted."

We agree that Marshall, supra, is directly in point. See also Ex parte Gaines, Tex.Cr.App., 455 S.W.2d 210.

The petitioner is ordered released from the Department of Corrections and delivered to the custody of the Sheriff of Dallas County to answer the indictment in said Cause No. D–9181–IJ.

It is so ordered.

Opinion approved by the Court.