### Ex parte Estevan PEREZ.

### No. 45204.

Court of Criminal Appeals of Texas.

April 19, 1972.

Harry H. Walsh, Huntsville, for appellant.

Jim D. Vollers, State's Atty., and Robert Huttash, Asst., State's Atty., Austin, for the State.

### OPINION

ONION, Presiding Judge.

This is a post conviction habeas corpus proceeding under the provisions of Article 11.07, Vernon's Ann.C.C.P. and Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App.1967).

In his habeas corpus application, petitioner swore that he was convicted of murder on or about May 1, 1959 in the Criminal District Court of Tarrant County, Tex-

1. See Article 42.13, Sections 4 and 8, V.A.C.C.P.

as, and his punishment was assessed at 30 years confinement by the jury; that he was indigent at the time and represented by court appointed counsel; that after the motion for new trial was overruled, he gave notice of appeal to this court and that his conviction was affirmed by an unreported per curiam opinion (Cause No. 31,096, December 11, 1959); that although indigent, no "statement of facts" was filed and forwarded to this court and no appellate brief was filed in his behalf; that his court appointed trial counsel performed no duties on appeal, and that the trial court appointed no counsel to represent him on appeal. ·

Appellant asserts that the record supports his claim that he was indigent; that he desired an appeal and communicated his desire to the trial court and that his appeal was perfected without a "statement of facts" or the assistance of counsel.

The State answered, attaching affidavits to its pleadings showing that the judge who conducted appellant's 1959 trial is dead; that the court reporter is also deceased and that efforts to read his untranscribed notes have been unsuccessful; that the court appointed trial counsel were not appointed for the purpose of appeal and that an investigation showed that the whereabouts of witnesses is now unknown. The State did not deny that the petitioner was indigent and manifested a desire to appeal.

The trial court concluded that an evidentiary hearing was unnecessary and made his findings of fact and conclusions of law based upon the sworn pleadings and affidavits and concluded that petitioner had unduly delayed his habeas corpus application until the chance for rebuttal was rendered ineffective. He relies upon Lunnermon v. Peyton, 310 F.Supp. 323 (D.C. 1970).

We think this reliance is misplaced under the facts of this cause.

▆▆ It is now well settled that an indigent who manifests a desire to appeal is entitled to a court appointed counsel on appeal, and where the assistance of counsel is constitutionally required, the right to furnished counsel does not depend upon a request. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); Horsley v. Simpson, 400 F.2d 708 (5th Cir. 1968); Breen v. Beto, 421 F.2d 945 (5th Cir. 1970); Ex parte Breen, 420 S.W.2d 932 (Tex.Cr.App.1967) (dissenting opinion).

The decision in Douglas v. California, supra, was held to be fully retroactive in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1119 (1967), and thus would apply to petitioner's 1959 trial.

▆▆ Although the trial court did not conduct an evidentiary hearing, we do note the sworn pleadings and affidavits reflect that the following facts are undisputed:

(1) that petitioner was indigent and represented by court appointed counsel at the time of his trial;

(2) that petitioner manifested his desire to appeal; that notice of appeal was given in open court and an appeal without a transcribed statements of facts was perfected and

(3) that court appointed trial counsel were not appointed for purposes of an appeal and no action on appeal was taken by them.

It is true that the record is silent as to whether appellant requested counsel on appeal or even knew he could have so requested. This is, however, immaterial because even if he failed to request counsel on appeal, this would not relieve the court of his obligation to appoint counsel. Swenson v. Bosler, supra.

And, it appears no statement of facts was furnished this indigent petitioner apparently because his counsel determined their duties came to an end when the motion for new trial was overruled and notice of appeal given.

Since this indigent petitioner was denied the effective assistance of counsel on appeal, he is entitled to an out-of-time appeal. It being made to appear, however, that it is not now possible to obtain a transcribed statement of facts for that purpose, he is entitled to a re-trial. See Ex parte Marshall, 445 S.W.2d 212, 213 (Tex.Cr. App.1969); Ex parte Gaines, 455 S.W.2d 210 (Tex.Cr.App.1970) and cases there cited.

Petitioner is accordingly ordered released from confinement by the Department of Corrections and delivered to the Sheriff of Tarrant County to answer the indictment pending against him.

It is so ordered.