

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 13, 1972

Mr. John Henry Tatum
County Attorney
Angelina County
Lufkin, Texas

Opinion No. M- 1095

Re: Whether the county
court at law for
Angelina County,
Texas created by
Art. 1970-355,V.C.S.
is a court of record
and whether a court
reporter is required
to be furnished at
the state expense,
and other related
questions.

Dear Mr. Tatum:

We are in receipt of your opinion request concerning the effect of House Bill 363, 62nd Legislature 1971, Regular Session chapter 274, page 1169 (Article 1970-355, Vernon's Civil Statutes), creating the County Court at Law of Angelina County. Your request poses three questions:

1. Is this court, as created, a court of record?

2. Is it mandatory that a court reporter be furnished at State expense:

   (a) in the trial of a civil jury case?

   (b) in the event it is demanded in the trial of a criminal jury case?

3. Is it mandatory that an official court reporter be appointed?

Hon. John Henry Tatum, page 2 (M-1095)

In connection with your first question, you have advised that you are not only concerned with whether the acts and judicial proceedings of this court as well as the record of this court are required to be kept as a permanent record but whether this may have an effect on our answer to the other questions propounded. While we have concluded that the County Court at Law of Angelina County is a "court of record," this conclusion has been reached independently of any consideration as to whether that court must appoint an "official court reporter." An examination of the statute creating the Court reveals that it is given the same jurisdiction over all causes and proceedings, civil and criminal, that are "prescribed by law for county courts" as well as concurrent jurisdiction with that of the County Court of Angelina County. It is given the power to issue the same writs as is customary of any other county court at law, including those necessary for the enforcement of the court's jurisdiction, and it is expressly given "the power to punish for contempt as prescribed by law for county courts." The judge of this county court at law is required to have the same qualifications, take the same oath and execute the same bond as prescribed by law for other county judges. The county attorney, county clerk, and county sheriff are required to serve as such officers of the County Court at Law, and the Commissioners Court is authorized to employ such additional assistants "as are necessary to serve the court created by this Act." The judge of this County Court at Law is authorized to appoint an official court reporter to serve the court.

Courts of record are generally considered to be those required to keep records and which are proceeding according to the course of the common law, the judgments of which may be revised by writs of error and whose proceedings and judgments import absolute verity until reversed. Its acts and judicial proceedings and record must be enrolled and made a matter of permanent record and generally it has been held that such courts must have a recording officer or clerk and have the power to punish for contempt. See 20 Am.Jur. 2d 405-406, Courts, Sec.26. A seal is not necessarily required. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S.W. 533, 541 (1909). It is held to be a court that has authority to fine and imprison. Wahrenberger v. Horan 18 Tex. 57 (1956). When a Commissioner's Court acts judicially,

it is a court of record. Welch v. Kent, 153 S.W.2d 284, 286 (Tex.Civ.App. 1941, no writ); Ashburn Bros. v. Edwards County, 58 S.W.2d 71, 73 (Tex.Crim. 1933). County courts, and County Courts at Law so acting, as well as District Courts, have thus been generally recognized as "courts of record." See Ex Parte Hayden, 152 Tex.Crim.517, 215 S.W.2d 620, 621 (1948). "Each clerk of a court of record having criminal jurisdiction" is required to keep a permanent docket showing the various proceedings in all such actions. See Article 33.07, Code of Criminal Procedure. In view of the foregoing, we have no hesitancy in holding that the County Court at Law of Angelina County is a "court of record." Our determination of this question, however, is not believed material to and does not control our answer to, your question of whether it is mandatory that an "official court reporter" be appointed.

Your second question concerns whether it is mandatory to furnish a court reporter at state expense in civil or criminal cases. With respect to civil cases, it is necessary first to consider Article 2327,* Vernon's Civil Statutes, which reads, in pertinent part, as follows:

> "When either party in a civil case pending in the County Court or in the County Court at Law applies therefor, the judge thereof shall appoint a competent stenographer, if one be present, to report the oral testimony given in such case. Such stenographer shall take the oath required of official court reporters, and shall receive not less than five dollars per day, to be taxed and collected as costs. . ." (Emphasis supplied)

Patently, the stenographer under this statute, need not be an official court reporter.

Article 2326o, Section 1, provides that in counties having a population of 1,500,000 or more, the judge of each county

---

* All Articles mentioned are Vernon's Civil Statutes, unless otherwise designated.

court at law, civil or criminal shall appoint an official short-
hand reporter for such court.  You do not state the population
of Angelina County, but according to the latest federal census,
its population is 49,349, and therefore there is no requirement
that there be an official shorthand reporter for your court. We
quote from Article 1970-355 the statute creating the Angelina
County Court at Law at Section 5(b) as follows:

> "The judge of the county court at law
> may appoint an official court reporter,
> who must meet the qualifications prescribed
> by law for that office ...." (Emphasis
> supplied)

In construing the above quoted portion of Article 1970-355,
supra, with Article 2327, supra, we hold that in any given
civil case in which one of the litigants applies therefor, the
court must appoint a competent stenographer, who must take the
oath of office; the county is not responsible for payment, but
the expenses of such stenographer shall be taxed and collected
as costs.

It was held in Herbort v. State, 442. S.W. 2d 456 (Tex.Crim.
1968) that there is no statutory or constitutional requirement
that the judge of a county court appoint a court reporter in a
criminal case.  Although a distinction is made between county
courts at law and county courts in Sterett v. Morgan, 294 S.W.
2d 201 (Tex.Civ.App. 1956), it is our opinion that Herbort ap-
plies to the Angelina County Court at Law.  In Herbort the coun-
ty court had criminal jurisdiction; the Angelina County Court
at Law has criminal jurisdiction concurrent with the Angelina
County Court by virtue of the creating statute.

Article 40.09, Section 5, Vernon's Code of Criminal Pro-
cedure provides that in a criminal case the Defendant shall be
entitled to a transcription of the reporter's notes, if he so
requests, and that the Defendant is responsible for the expense
of the preparation of such transcription.  It further provides,
however, that if the Defendant files an affidavit of inability
to pay, and, if there is a finding by the Court after a hear-
ing on the question, that the Defendant is in fact indigent,

then the Court shall issue an order to the reporter to furnish the Defendant with a copy of the transcribed notes, the costs to be paid from the general funds of the county.

It was held in Ex Parte Veasley, 437 S.W.2d 857 (Tex. Crim. 1969) that the Petitioner (Defendant) was entitled to discharge and a new trial based upon findings that after his conviction he had timely requested a statement of facts and that he had never received it. His original conviction had been affirmed by the Court of Criminal Appeals in a per curiam opinion which recited that since the appellate record contained no statement of facts or bills of exception, the conviction would be affirmed.

Griffin v. Illinois, 351 U.S. 12, 76 S.C. 585, 100 L.Ed. 891 (1956) held that it was violative of the due process clause of the U.S. Constitution to deny the appellate processes to an indigent defendant. We therefore answer your question as to criminal cases as follows: When a defendant in a criminal case demands it, he is entitled to a transcribed copy of the reporter's notes made during the testimony at the trial; the cost of the copy must be borne by the defendant, except in the case of a finding of indigency, in which case the cost is to be borne by the county. Failure to furnish the defendant a copy of the transcript after timely demand therefor is reversible error. Ex Parte Veasley 437 S.W.2d 857, supra.

Is it mandatory that an official court reporter be appointed? As pointed out above, Article 2327, supra, provides for the appointment of a "competent stenographer" when requested in the trial of a civil case, and Section 5(b) of Article 1970-355 gives the judge of the County Court at Law of Angelina County permissive authority to appoint an official court reporter.

Again, in construing the two statutes* together, we hold that in any given criminal case where a copy of the transcript is requested by the defendant, it must be furnished him. This presupposes that there are reporters notes to be transcribed. Therefore, if a defendant in a particular case requests that the evidence be recorded and that he be furnished a copy of the transcribed notes, it is incumbent upon the judge of the court to comply with the request by appointing a stenographer at the

* Art. 40.09, Code of Crim. Procedure & Art. 1970-355

outset of the case.  We find nothing in the law which would require that this transcript be prepared by an official court reporter.  However, if the Court does elect to exercise its permissive authority to appoint a reporter as a part of the permanent personnel of the court, we hold that the appointment must go to "an official court reporter, who must meet the qualifications prescribed by law for that office and who is entitled to compensation fixed by the Commissioner's Court of Angelina County".  Article 1970-355.

## S U M M A R Y

The Angelina County Court at Law is a "Court of Record" as that term is generally used in this State.

It is mandatory upon the Judge of the County Court at Law of Angelina County upon the request of a litigant in a civil trial, to furnish a competent stenographer.  The cost for this service is to be taxed and collected as court costs.  Art. 2327, V.C.S.

In a criminal trial, upon request therefor, the defendant must be furnished a copy of the stenographer's notes taken during the trial at the expense of the defendant.  If the court finds that the defendant is indigent, the county must bear this expense. Art. 40.09 V.C.C.P.

There is no mandatory requirement that a court reporter be appointed to the Angelina County Court at Law.  It is not mandatory that the reporter or stenographer taking the notes on a "per case" basis be an official court reporter.  However, if the Angelina County Court at Law Judge does appoint a court reporter as part of the personnel of the court, this appointment must go to an "official court reporter who must meet the qualifications prescribed by law for that office."  Art. 1970-355, V.C.S.

Hon. John Henry Tatum, page 7    (M-1095)

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert W. Gauss
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

KERNS TAYLOR, Chairman
W. E. ALLEN, Co-Chairman

Bob Lattimore
Lewis Jones
Lynn Taylor
Melvin E. Corley

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant