**Ex parte Daniel RAMIREZ.**

**No. 45904.**

Court of Criminal Appeals of Texas.

July 28, 1972.

Vincent W. Perini, Dallas, for petitioner.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is a post-conviction habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P.

The applicant was convicted for rape May 13, 1960. The punishment was assessed by the jury at fifty years.

The applicant filed his application for writ of habeas corpus in Criminal District Court No. 2 of Dallas County, the convicting court. He alleged, among other things, that his court-appointed counsel did not advise him of his right of appeal and did not take the necessary steps to preserve such right.

The judge of the court at the time of the conviction had died before the hearing on the application for habeas corpus. Trial counsel who had been appointed testified and recalled only parts of the trial. He did not remember anything about advising the applicant of his right to appeal.

The judge who conducted the hearing on the application found that the applicant was not informed that he had a right to appeal his conviction at no expense to him-

self and that if he were too poor to pay for a record or an attorney they would be provided. He also found that the applicant was denied his constitutional right to appeal.

Since the trial court found from the evidence that the indigent applicant was denied his right to appeal, he is entitled to an out-of-time appeal. However, the record shows that it is not possible to obtain a statement of facts for that purpose. He is entitled to a retrial. See Ex parte Perez, Tex.Cr. App., 479 S.W.2d 283, and Ex parte Gaines, Tex.Cr.App., 455 S.W.2d 210.

Applicant is ordered released from confinement in the Department of Corrections and delivered to the sheriff of Dallas County to answer to the indictment pending against him.

ROBERTS, J., not participating.