Ex parte Coy Ray CAMPBELL.

No. 46923.

Court of Criminal Appeals of Texas.

May 23, 1973.

Frances T. Freeman Cruz, Houston, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is a post conviction habeas corpus proceeding under the provisions of Article 11.07, Vernon's Ann.C.C.P., and in accordance with the holding in Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App., 1967).

Petitioner was convicted of the primary offense of burglary in the Criminal District Court No. 3 of Harris County (Now the 177th District Court of Harris County)

in Cause Number 91,000 and was sentenced to a mandatory life term on September 26, 1960, punishment being enhanced under Article 63, Vernon's Ann.P.C. His conviction was appealed to this court and was affirmed by per curiam opinion (Cause No. 33,040) on February 22, 1961, the opinion reciting that the record on appeal contains no statement of facts or bills of exceptions.

In his habeas corpus application petitioner urges that he was deprived of an effective appeal because, although he attempted to appeal as an indigent, no counsel was appointed to represent him nor was this court afforded a statement of facts with which to determine the merits of his appeal.

A hearing was had on February 15, 1973, in the 177th District Court of Harris County, the Honorable Miron A. Love presiding. At the conclusion of the hearing, Judge Love denied the writ on the ground that there was "no showing" that petitioner was deprived of counsel and that the petitioner's uncorroborated testimony was insufficient to grant relief. The trial court's conclusion was based on his finding that "the Honorable Bill Dickson was appointed to represent petitioner on appeal in Cause No. 91,000 on September 9, 1960" and that "A statement of facts . . . was provided the petitioner at State expense."

The record reflects that petitioner was represented at trial by retained counsel, the Honorable Bill Dickson. However, Mr. Dickson testified at the hearing that he had no recollection of representing petitioner on appeal or of any direction from Judge Love to do so. A letter, dated March 9, 1971, from Mr. Dickson to Judge Love was introduced in evidence. It stated in part:

"Because of Mr. Campbell's inability to pay his attorney's fees we notified him prior to the February 16th trial that we would represent him only through that trial and not beyond, although we made another appearance in that same case on September 26, 1960, at which time Mr.

Campbell was sentenced by the Court and gave notice of appeal.

". . . It was my understanding at that time that Mr. Campbell intended to employ other counsel to help him prosecute his appeal. I have neither records nor recollection to indicate that we at any time became involved in any further representation of him . . ."

To further corroborate his assertion that he was not represented on appeal, petitioner introduced into evidence the Record on Appeal in Cause No. 91,000 which was transmitted to the Court of Criminal Appeals and authenticated by the District Clerk of Harris County on December 27, 1960. The face sheet of the record reads as follows:

"COUNSEL FOR APPELLANT:

ON TRIAL:

Mr. Bill M. Dickson
Scanlan Building
Houston 2, Texas

ON APPEAL:

None"

The docket sheet of the trial court in Cause No. 91,000 is before us and we find no entry which indicates that an attorney was appointed to represent this indigent petitioner on appeal. Further, the trial court's finding that counsel was appointed states that the date of appointment was September 9, 1960. The docket entry on the other hand shows that notice of appeal was not given until September 26, 1960. September 26, 1960, is also the date that petitioner filed his motion *in forma pauperis* requesting a free statement of facts. This motion was granted on October 5, 1960, and although a statement of facts, in narrative form, was apparently prepared, it was not made part of his record on appeal. It is stipulated that the statement of facts

cannot be located and is not available for an out-of-time appeal.

In Ex parte Perez, 479 S.W.2d 283, we were faced with a similar problem and stated:

"It is now well settled that an indigent who manifests a desire to appeal is entitled to a court appointed counsel on appeal, and where the assistance of counsel is constitutionally required, the right to furnished counsel does not depend upon a request. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); Horsley v. Simpson, 400 F.2d 708 (5th Cir. 1968); Breen v. Beto, 421 F.2d 945 (5th Cir. 1970); Ex parte Breen, 420 S. W.2d 932 (Tex.Cr.App.1967) (dissenting opinion)."

Notwithstanding the trial court's findings, it is clear from the record that petitioner was indigent at time of appeal; that he manifested his desire to appeal; that notice of appeal was given in open court and an appeal without a transcribed statement of facts was perfected; and that no attorney was appointed to represent him on appeal.

Since this indigent petitioner was denied the assistance of counsel on appeal, he is entitled to an out-of-time appeal. However, it being stipulated by all the parties that it is now impossible to obtain a transcribed statement of facts for that purpose, he is entitled to a new trial. Ex parte Perez, supra. See Ex parte Marshall, 445 S.W.2d 212, 213 (Tex.Cr.App.1969); Ex parte Gaines, 455 S.W.2d 210 (Tex.Cr. App.1970).

Petitioner is ordered released from confinement by the Department of Corrections and delivered to the Sheriff of Harris County to answer the indictment there pending against him.

It is so ordered.