**George SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48904.**

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

No attorney on appeal, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of burglary with intent to commit theft. Punishment was assessed by the jury at eleven years.

The record before this Court contains no transcription of the court reporter's notes. No appellate brief has been filed. The question is, did the court err in not providing appellant with appointed counsel for the purposes of appeal as an indigent?

Appellant was represented by retained counsel at trial. He was convicted June 19, 1973. Sentence was pronounced and notice of appeal was given July 2, 1973. Immediately after notice of appeal was given in open court, the trial court asked appellant if he desired the appointment of counsel for the purposes of appeal. Appellant informed the court at that time that he was personally without funds for hiring an attorney, but that his "people" could and would hire an attorney to represent him on appeal. The trial court advised appellant of his right to have court-appointed counsel on appeal, and thereafter, the appellant affirmatively waived his right to the court-appointment of counsel and insisted on his right to hire his own attorney. The court entered a finding holding that appellant had "knowingly, intelligently, and voluntarily waived his right to have a lawyer appointed to represent him on appeal," and to this finding no objection was made.

On November 29, 1973, appellant and his trial counsel, the Honorable Patrick Gailey, made another appearance before the court and advised the trial judge that he had not yet retained counsel on appeal. Once again the trial court advised him of his right to have an attorney appointed for appellate purposes, but appellant maintained that his "people" were still going to employ counsel for the appellate process, and he further stated that he did not want court-appointed counsel at that time.

The record on appeal was completed November 30, 1973, and notices of completion were sent to appellant's counsel of record. No objections to the record were filed, and on December 19, 1973, the record was approved. The district clerk of Harris County forwarded notification of approval to appellant's counsel, but no appellate brief was filed with the trial court as required by Article 40.09, Section 9, Vernon's Ann.C.C.P. On June 13, 1974, the trial court certified that the record was complete and the record on appeal was filed in the Court of Criminal Appeals on June 18, 1974. No complaint has been made by appellant because of his lack of counsel or the lack of a statement of facts of the trial on the merits.

The record affirmatively shows that the appellant was advised of his right to appeal as a pauper and to the appointment of counsel for the appellate process. The record reflects that the appellant, on the date of sentencing, was 26 years of age, had an eleventh grade education, had no history of insanity or mental problems, and worked in "construction, heat-plant, and machinery work." Appellant maintained at all times, in two separate hearings before the trial court, that he did not want the court to appoint him counsel, and continually insisted that his "people" would hire an attorney to represent him. While appellant did testify that he did not personally have sufficient funds to hire an attorney, no pauper's oath was ever filed, nor at any time did appellant request the trial court to make any findings as to his status as a pauper on appeal.

■ It is well settled that every indigent appellant is entitled to the representation of counsel on appeal. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811 (1963); Ex parte Campbell, 494 S. W.2d 842 (Tex.Cr.App.1973); Steel v. State, 453 S.W.2d 486 (Tex.Cr.App.1970).

■ However, in the case at bar, the record affirmatively reflects that appellant, after being advised of his right to court-appointed counsel on appeal on two occasions, continually rejected the trial court's offer of counsel. We are of the opinion that the trial court's findings that appellant "knowingly, intelligently and voluntarily waived his right" to court-appointed counsel are supported in the record; therefore, we conclude that the trial court was under no duty to appoint counsel on appeal. See Carr v. State, 475 S.W.2d 755 (Tex.Cr. App.1972); Lewis v. State, 501 S.W.2d 88 (Tex.Cr.App.1973); Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); Carnley v. Cochran, 369 U.S. 506,

82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. Cf. Ex parte Bird, 457 S.W. 2d 559 (Tex.Cr.App.1970).

An appellant may retain counsel of his choice and prevent the appointment of an attorney. A trial court is not bound to wait until after the time of appeal has expired and again inquire of a defendant if he desires appointed counsel. If such were required, a defendant could delay an appeal indefinitely.

The judgment is affirmed.