**Ex parte Will RAINS, Jr.**

**No. 54898.**

Court of Criminal Appeals of Texas.

Sept. 14, 1977.

Robert T. Baskett, Dallas, court appointed, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction habeas corpus proceeding brought under the provisions of Article 11.07, Vernon's Ann.C.C.P.

The petitioner was convicted of murder in 1961 and a sentence of forty (40) years' imprisonment was imposed. Petitioner contends that at the time of formal sentencing he was indigent, was without counsel, and that as a result was denied an appellate review of his conviction.

After a hearing on petitioner's application for habeas corpus, the trial court filed findings of fact and conclusions of law, finding petitioner to be lawfully restrained. The record was forwarded to this court.

The record reflects that petitioner was convicted of murder with malice on May 23, 1961 and assessed a punishment of forty (40) years in the penitentiary by a jury. On June 23, 1961 formal sentence was imposed. No notice of appeal was given.

At the habeas corpus hearing held on February 18, 1977, Lillie Mae Dansby, petitioner's mother, testified he was born on June 13, 1942 and that at the time of his 1961 trial he was 19 years old. She related that in 1961 she was a widow and after posting bond for the petitioner and retaining counsel for trial she had exhausted her funds; that while he had counsel for the trial, no attorney was present at the time of the sentencing on June 23, 1961.

Petitioner Rains testified that prior to the murder offense he had no encounter with law enforcement, that he did not know any law. He stated that counsel retained by his mother because he was indigent, a Mr. Duke, was not present at the time of formal sentencing; that he did not waive his right to counsel. He admitted he did not tell the sentencing judge, Judge J. Frank Wilson, that he was indigent and did not request counsel. He stated his counsel had never discussed appeal with him, that he did not know he had a right of appeal and no one at the sentencing explained that right to him. He related he would have appealed his conviction if he had known of his right to do so. It was further shown by his testimony that he was sent to prison on July 5, 1961 and that he was released on parole in March, 1975. He admitted that he had since been convicted of burglary of a vehicle and that the Board of Pardons and Paroles was seeking to revoke his parole on the basis of the subsequent conviction. He acknowledged he had not previously filed an application for habeas corpus, but stated he had only learned of his right to have counsel present at sentencing when he was brought into another district court.

Upon petitioner's request, the trial court took judicial notice of the court records of the 1961 conviction. The docket sheet and the formal sentence are silent as to counsel at the time of the sentencing. No other evidence indicates counsel was present. It was stipulated that the court reporter's notes from the 1961 trial were no longer available.

The State offered no testimony or any other controverting evidence.

The trial court's findings of fact and conclusions of law filed on March 28, 1977 were in part as follows:

"1. Neither the statement of facts nor the court reporter's notes are available so as to allow appellate review of Petitioner's case.

"2. The judge, court reporter, Petitioner's attorney and some of the associates of Petitioner's attorney are all dead. The State's attorney is unknown.

"3. Petitioner was paroled in this case. The Parole Board is seeking to revoke Petitioner's parole due in part to Petitioner's subsequent conviction for burglary of a vehicle.

"4. Neither Petitioner nor his mother are credible witnesses.

"5. Based on this court's personal knowledge of the parties associated with this case as well as other factors, the court finds that the allegation is untrue.

"The Court finds that the Petitioner has not been denied any rights guaranteed to him by the Constitution of the United States or the Constitution of Texas.

"The Court finds that the Petitioner is lawfully restrained and confined by Respondent. . . ."

■ It is here observed that this court is not bound by the findings of the trial court in a post-conviction habeas corpus proceeding. *Ex parte Garcia*, 548 S.W.2d 405 (Tex. Cr.App.1977); *Ex parte Bagley*, 509 S.W.2d 332 (Tex.Cr.App.1974).

Here, the court's conclusions of law are general and vague and do not deal specifically with the allegations in petitioner's habeas corpus application.

■ The conclusion reached seems to be based largely (according to the findings) on

the "court's personal knowledge of the parties associated with this case as well as other factors . . . ." The extent and nature of such personal knowledge is not disclosed, nor did the habeas corpus judge, who was not the sentencing judge in 1961, indicate to the parties he was going to rely upon personal knowledge. It is well established that a judge's personal knowledge of matters not contained in official judicial records of the court is not a proper matter for judicial notice. *Jackson v. State*, 70 Tex.Cr.R. 582, 157 S.W. 1196 (1913); *Lerma v. State*, 81 Tex.Cr.R. 109, 194 S.W. 167 (1917); *Stephenson v. State*, 500 S.W.2d 855 (Tex.Cr.App.1973) (dissenting opinion and cases there cited).

The burden of proof in a habeas corpus proceeding is upon the petitioner. It was incumbent upon the petitioner here by a preponderance of the evidence to show that he was indigent, had no counsel and did not affirmatively waive the right to counsel. *Ex parte Auten*, 458 S.W.2d 466 (Tex.Cr.App.1970); *Ex parte Morgan*, 412 S.W.2d 657 (Tex.Cr.App.1967).

In determining whether the petitioner met his burden of proof, we find that *Kitchens v. Smith*, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971), is instructive. There, the petitioner pleaded guilty to robbery in a Georgia state court in 1944. He escaped while serving his sentence and did not return to Georgia until 1969 to serve the remainder of his sentence. He then brought state habeas corpus proceedings to declare his conviction void under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), since he was not represented by counsel at the time of his trial. The trial court denied relief because *Gideon* was "recent law and under the law at the time of his sentence, the sentence met the requirements of the law at that time." The United States Supreme Court noted that this was error as *Gideon* is fully retroactive, citing *Linkletter v. Walker*, 381 U.S. 618, 639, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *Desist v. United States*, 394 U.S. 244, 250, n. 15, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969); *McConnell v. Rhay*, 393 U.S. 2, 3, 89 S.Ct.

32, 21 L.Ed.2d 2 (1968); *Stovall v. Denno*, 388 U.S. 293, 297–298, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

On appeal the Georgia Supreme Court affirmed the trial court's denial of habeas corpus but on different grounds, saying that the petitioner did not testify at the habeas corpus hearing that he "wanted a lawyer, asked for one, or made any effort to get one" or that "because of his poverty, or for any other reason, he was unable to hire a lawyer."

In granting the petition for certiorari, the United States Supreme Court stated, " '[i]t is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request. *Carnley v. Cochran*, 369 U.S. 506, 513, 82 S.Ct. 884, 8 L.Ed.2d 70, 76 (1962).' " See also *Swenson v. Bosler*, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); *Ex parte Perez*, 479 S.W.2d 283 (Tex.Cr.App.1972).

As to whether the petitioner in *Kitchens v. Smith*, supra, had sustained his burden of proving his inability at the time of trial to hire an attorney, the United States Supreme Court wrote:

"Of course, to establish his right to appointed counsel in 1944, petitioner had the burden of proving his inability at that time to hire an attorney. His petition for habeas corpus specifically averred that he was unable to obtain counsel 'because of his impoverished condition' at that time. The respondent denied this allegation and thus put the matter in issue. At the hearing, petitioner testified, 'I was a lot younger and *I didn't have any money* and I didn't have a lawyer . . . .' (Emphasis added.) *The State made no effort whatever to contradict petitioner's testimony that he was indigent; no part of its case went to the issue of indigency.* In this light, the Georgia Supreme Court's finding that petitioner 'did not testify . . . that because of his poverty, or for any other reason, he was unable to hire a lawyer' is explicable only under the most rigid rules of testimonial construction. Though petitioner did not precisely testify that his failure to obtain a lawyer

was a result of his indigency, this was the undeniable implication of his testimony, especially in view of the habeas corpus petition's allegation that petitioner was unable to hire an attorney 'because of' his indigency. The hearing below, as the transcript shows, was conducted informally. Petitioner had no lawyer, and introduced no evidence other than his own testimony. He testified discursively; no objections were made by the State, nor did it cross-examine petitioner on the issue of indigency.

"It is our view that on this record petitioner proved he was without counsel due to indigency at the time of his conviction. The petition for certiorari is granted, the judgment of the Georgia Supreme Court is reversed and the case remanded for further proceedings not inconsistent with this opinion." (Emphasis supplied.)

In the instant case both the petitioner and his mother testified he was indigent at the time of sentencing and had no attorney present. While they were cross-examined, their testimony went unchanged. The State offered no testimony or other evidence to contradict testimony offered on behalf of the petitioner.

■ We conclude that petitioner sustained his burden of proof as to his indigency and the fact he had no counsel at the time of sentencing. Further, the right to counsel may be waived only if the waiver is knowingly, voluntarily and intelligently made. *Carnley v. Cochran*, supra; *Walton v. Arkansas*, 371 U.S. 28, 83 S.Ct. 9, 9 L.Ed.2d 9 (1962); *Ex parte Auten*, supra.

As stated in *Carnley v. Cochran*, supra,

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." 369 U.S. at p. 516, 82 S.Ct. at p. 890.

■■ The record in the instant case is barren of any indication of waiver. The petitioner stated he did not tell the sentenc-

ing judge he was indigent and did not request counsel, but explained that this was due to his ignorance of the law. As noted above, however, where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request therefor.

■ We conclude the petitioner has sufficiently sustained his burden as to the allegations in his habeas corpus petition.

In *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), the United States Supreme Court held that the appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights may be affected. In *McConnell v. Rhay*, supra, the Supreme Court held that *Mempa v. Rhay*, supra, was to be applied retroactively. See also *Crawford v. State*, 435 S.W.2d 148 (Tex.Cr.App.1968).

In *Ex parte Vestal*, 468 S.W.2d 372 (Tex. Cr.App.1971), this court held that formal sentencing is a "stage of a criminal proceeding where substantial rights may be affected" and where an indigent defendant was without counsel at sentencing his conviction could not stand.

It clearly appears that the petitioner is entitled to have an attorney at re-sentencing and is entitled to an out-of-time appeal. Since it was stipulated that the court reporter's stenographic notes of the 1961 trial are no longer available, it is impossible to provide an out-of-time appeal. See *Ex parte Mays*, 510 S.W.2d 606 (Tex.Cr.App. 1974); *Ex parte Vestal*, supra; *Ex parte Coleman*, 455 S.W.2d 209 (Tex.Cr.App.1970); *Ex parte Gaines*, 455 S.W.2d 210 (Tex.Cr. App.1970).

The relief prayed for in the habeas corpus petition is granted, the 1961 conviction for murder is set aside and the petitioner is ordered remanded to the sheriff of Dallas County to answer the indictment in Cause No. D–3836.

It is so ordered.

DOUGLAS, J., dissents.