**Ex parte Carl Estes BECK.**

**No. 68830.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 30, 1981.

Rob Foster, Dist. Atty., and Lew Dunn, Asst. Dist. Atty., Longview, Robert Huttash, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is a proceeding brought under Article 11.07, V.A.C.C.P. The applicant alleges in his post-conviction application for writ of habeas corpus that he was convicted in 1976 of aggravated robbery and assessed a punishment by the court of 16 years' imprisonment following a jury verdict of guilty.

Applicant contends that following sentence his retained trial counsel gave notice of appeal, but at such time he was indigent and requested the trial court to appoint him counsel for the purpose. He alleges this was not done and that he was deprived of his right of appeal and is now entitled to an out-of-time appeal, which cannot be accorded him because the court reporter's notes have been lost or destroyed. He argues he is entitled to release.

On September 17, 1980, the Court of Criminal Appeals entered an order directing the trial court to hold an evidentiary hearing on such allegations since it had not done so. On January 26, 1981, the trial court found the court reporter's notes were not available and entered an order fully discharging the applicant from confinement as a result of the said aggravated robbery conviction (Trial Court No. 10,802–A–H).

The record of this evidentiary proceeding was not forwarded to the Court of Criminal Appeals, and this court again remanded the matter for an evidentiary hearing on March 18, 1981. On April 24, 1981, the record of the evidentiary proceeding was received.

Since this court was unable to find evidence supporting the claims of indigency, the giving of the notice of appeal, the inability to construct an agreed statement of facts, etc., the court on May 6, 1981, again ordered a full evidentiary hearing, and noted the trial court had no authority to release the applicant,[1] set aside the order and ordered the applicant recommitted to custody.

The trial court conducted another evidentiary hearing and filed findings that the applicant was deprived of his right of appeal and that an out-of-time appeal could not be accorded him since there were no available records from the court reporter. No findings as to indigency, the giving of notice of appeal, etc., were made.

We do note, however, that the testimony of indigency and notice of appeal were undisputed.

Alvin Khoury, the prosecutor at applicant's 1976 aggravated robbery trial, now a district judge, testified, "... I do know that there was a notice of appeal given, there was clear evidence of an intent and desire on the part of Mr. Beck to appeal this case, and I feel like Mr. Beck at the time was truly indigent, that he was entitled to an appeal and that he has been denied it, and there is no record, and I am personally satisfied that we will never be able to obtain a transcript of the court reporter's notes." Khoury noted that applicant's trial was a joint trial of four defendants and that from his trial notes it was obvious an agreed statement of facts could not be constructed. Khoury stated his opinion as to indigency was based on testimony at other hearings as to applicant's indigency.

Under the circumstances, we conclude that the applicant is entitled to the relief prayed for. *Ex parte Veasley*, 437 S.W.2d 857 (Tex.Cr.App.1969); *Ex parte Gray*, 437 S.W.2d 871 (Tex.Cr.App.1969); *Ex parte Ramirez*, 483 S.W.2d 259 (Tex.Cr.App.1972); *Ex parte Campbell*, 494 S.W.2d 842 (Tex.Cr.

App.1973). The aggravated robbery conviction is set aside, and applicant is remanded to the Sheriff of Gregg County to answer the indictment in Cause No. 10,802–A–H.

It is so ordered.

---

1. Article 11.07, § 3, V.A.C.C.P., provides in part: "After conviction the procedure outlined in this act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner." In *Ex parte Friday*, 545 S.W.2d 182 (Tex.Cr.App.1977), it was held that only the Court of Criminal Appeals has the authority to grant relief as a result of a post-conviction writ of habeas corpus. See also *Ex parte Williams*, 561 S.W.2d 1 (Tex.Cr.App.1978).