Ex parte Marcia Lynette GRANT.

No. 69323.

Court of Criminal Appeals of Texas, En Banc.

March 27, 1985.

Percy Foreman, Mike De Geurin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Patricia Saum, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is an application for habeas corpus seeking relief pursuant to Art. 11.07, V.A. C.C.P.

Applicant contends that her plea of guilty was involuntary insofar as it was based upon an agreement with the prosecutor that she would be permitted to appeal the merits of her pre-trial motion to suppress even though applicant pled nolo contendere and signed a judicial confession. The trial court has recommended relief be granted. We agree, however we find that an out of time appeal is now possible, and we will so order.

Applicant was charged by indictment with possession of a controlled substance. A pre-trial motion to suppress was filed and a hearing held on August 15, 1980, at which time the motion was overruled.

The trial court made the following findings of fact which we find are supported by the record:

"....

"4. On January 26, 1981 petitioner entered a plea of 'nolo contendere' pursuant to a plea agreement which included a waiver of petitioner's right to trial by jury, confrontation of witnesses and a stipulation of evidence. In return the State made a recommendation to this Court that petitioner be sentenced to ten (10) years.

"5. A pre-printed form, entitled 'Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial confes-

sion' was introduced as evidence as State's exhibit # 1 at the time of the plea of 'nolo contendere.' The pre-printed form was signed by the petitioner and included the following language that amounts to a judicial confession:

"'I understand the above allegations [the indictment] and I confess that they are true and that the acts alleged above were committed on April 28, 1980.'

". . . .

"7. It was understood by the Court, the petitioner, the petitioner's attorney and the attorney representing the State [Roberto Gutierrez] at the time the plea was entered that the petitioner was to be allowed to appeal the merits of the pre-trial motion to suppress. The plea was conditioned upon this understanding.

"8. This understanding is reflected in the record by the following colloquy between counsel for petitioner's co-defendant and the Court:

"DEFENSE COUNSEL: We will go ahead and accept sentence only wanting the record to reflect that as to both defendants we reserve our right to appeal on the limited issue of the motion to suppress.

"THE COURT: All right, sir, at the proper time I will so allow you.

". . . .

"10. The plea agreement was approved by this Court and following said agreement, this court sentenced Petitioner to ten (10) years.

"11. This Court did not admonish the petitioner that if the plea agreement was approved and followed she would not be allowed to appeal without permission of the Court because it was already agreed and understood that the plea was conditioned upon her right to appeal the merits of the motion to suppress.

"12. Petitioner thereafter gave timely notice of appeal and this Court approved an appeal bond. Petitioner was released on bond pending the appeal of the motion to suppress.

"13. On appeal petitioner was represented by a different attorney, Mike De-Geurin of the firm of Foreman & DeGeurin.

"14. During the appeal process it was discovered that the pre-printed form, States exhibit # 1, was inconsistent with the plea of 'nolo contendere' in that it included a 'judicial confession and language reflecting a 'plea of guilty' rather than 'nolo contendere' . . . .

"15. The State of Texas was represented by a different attorney on appeal who was not aware of the agreement and understanding between the parties at the time of the plea. It was the State's position on appeal that because of the 'judicial confession' the petitioner was precluded from having the merits of the motion to suppress heard on appeal.

"16. The Court of Appeals for the Fourteenth Supreme Judicial District affirmed the conviction without reaching the issue concerning the motion to suppress because the 'judicial confession' made the issue moot and also held that the record was insufficient to show that petitioner's plea was a conditional plea.

"17. This post-conviction application for writ of habeas corpus was brought to establish facts and circumstances surrounding the plea that may not have appeared sufficiently in the record on appeal."

The habeas record also includes an affidavit completed by the assistant district attorney who negotiated applicant's plea and represented the State at the plea hearing. The affidavit states:

"It was not my intention to defeat the Defendant's right to appeal the Motion to Suppress by having her sign the pre-printed 'stipulation' that is normally used with a Plea of Guilty or a Plea of Nolo Contendere. It is my understanding as well as the Defendant [sic], that she would be able to appeal the Motion to Suppress at the time she entered her plea of Nolo Contendere."

At the time that applicant's appeal was heard, the case law of this State did prohib-

it an appellate court from reviewing the merits of applicant's claim. See *Haney v. State*, 588 S.W.2d 913 (Tex.Cr.App.1979); *Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr. App.1978). Thus the court of appeal's refusal to reach the merits of applicant's claim was correct at the time rendered. Recently this Court has overruled *Haney*, supra and *Ferguson*, supra, and held that the signing of a judicial confession when entering a plea of guilty or nolo contendere pursuant to Art. 44.02, V.A.C.C.P., does not abrogate a defendant's right to have appellate review of the merits of a pre-trial motion to suppress. *Morgan v. State*, 688 S.W.2d 504 (Tex.Cr.App.1985).

This Court has on many occasions held, in situations analogous to the one at bar, that if a defendant has been deprived of a meaningful appeal, he is entitled to an out-of-time appeal, assuming such is possible. *Raley v. State*, 528 S.W.2d 257 (Tex.Cr. App.1975); *Hill v. State*, 578 S.W.2d 759 (Tex.Cr.App.1975); *Ex Parte Rains*, 555 S.W.2d 478 (Tex.Cr.App.1977); *Ex Parte Beck*, 621 S.W.2d 810, 811 (Tex.Cr.App. 1981); *Ex Parte Campbell*, 494 S.W.2d 842 (Tex.Cr.App.1973). This case has previously been appealed and a record of the hearing on the motion to suppress is available.

■■■■ An analysis of applicant's assertion that her plea was involuntarily entered is no longer necessary, since today we hold that she is in fact entitled to an out-of-time appeal wherein the merits of her pre-trial motion to suppress will be reached. See *Morgan*, supra.[1]

The relief sought is denied. However, applicant is entitled to an out-of-time appeal. This cause is hereby remanded to the 230th District Court for Harris County for

1. In *Morgan*, supra, this Court found that the rationale of *Mooney v. State*, 615 S.W.2d 776 (Tex.Cr.App.1981) and *Wooten v. State*, 612 S.W.2d 561 (Tex.Cr.App.1981) need no longer be applied. Slip opinion at p. 6. Thus, a conviction based upon a plea entered pursuant to Art. 44.02, V.A.C.C.P., wherein a judicial confession

further proceedings not inconsistent with this opinion.

It is so ordered.

ONION, P.J., dissents.

is executed may be appealed and the merits of the pre-trial motion reached. Specific performance of such a plea bargain is in fact now available. See generally, *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).