PER CURIAM: *
Harold A. White appeals, pro se, the denial of his habeas application under 28 U.S.C. § 2254. Our court granted a COA for his two related claims regarding Juror 2. White v. Quarterman, No. 05-51509 (5th Cir. 22 Dec. 2006) (unpublished). AFFIRMED.
I.
Harold A. White was indicted for attempted sexual assault. His first trial ended in a mistrial in January 2001 because the jury was deadlocked. A jury, in a second trial later in 2001, convicted White as charged. He was sentenced to 65 years’ imprisonment because he was a repeat offender. The judgment was af *381 firmed on direct appeal. The Supreme Court of the United States denied review.
White filed a state-habeas application, raising numerous claims, including, regarding Juror 2: denial of a fair trial through a biased juror; and ineffective assistance of counsel based on that juror’s being seated. The state-habeas trial court recommended denying relief, and the Texas Court of Criminal Appeals (TCCA) did so.
White next pursued federal habeas relief under 28 U.S.C. § 2254. Among other claims, he presented those described above regarding Juror 2. The district court denied both the petition on the merits and a COA. Our court granted a COA on whether: Juror 2 was biased; and counsel rendered ineffective assistance by not challenging that juror’s service on the jury.
II.
White’s 28 U.S.C. § 2254 habeas petition, having been filed in 2002, is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). E.g., Pen-ry v. Johnson, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001). Habeas relief may not be granted unless the state-court proceeding either “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court”, or “resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding”. 28 U.S.C. § 2254(d). The district court’s factual findings are reviewed for clear error; its conclusions of law, de novo. E.g., Virgil v. Dretke, 446 F.3d 598, 604-05 (5th Cir.2006).
A.
Juror bias vel non is a finding of fact. E.g., id. at 610 n. 52; see also Patton v. Yount, 467 U.S. 1025, 1036, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984). Pursuant to AEDPA, “a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence”. 28 U.S.C. § 2254(e)(1) (emphasis added). Accordingly, as discussed supra, to succeed on his juror-bias claim, White must show “the adjudication of the claim [on the merits in State court proceeding] ... resulted in a decision that was based on an unreasmiable determination of the facts in light of the evidence presented in the State court proceeding”. 28 U.S.C. § 2254(d)(2) (emphasis added).
The state-habeas trial court, on considering White’s petition, recommended: White had “the burden of proving his claim that [Juror 2 was] biased by a preponderance of the evidence, see Ex parte Rains, 555 S.W.2d 478 (Tex.Crim.App.1977), but he ma[de] no such showing”. Ex parte White, No. 51,240-A (264th Dist. Ct., Bell County, Tex. 30 Sep. 2003) (unpublished). Without assigning reasons, the TCCA rejected White’s juror-bias claim. Ex parte White, No. 57,296-01 (Tex.Crim.App. 10 Dec. 2003) (unpublished). Accordingly, we assume the state court applied the proper law and then determine whether its decision was “contrary to” or “an objectively unreasonable application of that law”. Virgil, 446 F.3d at 604.
Along this line, by rejecting the juror-bias claim, the TCCA necessarily concluded White had not shown Juror 2 was biased. As noted, this implied factual finding is entitled to deference. 28 U.S.C. § 2254(d)(2), (e)(1); Valdez v. Cockrell, 274 F.3d 941, 948 n. 11 (5th Cir.2001). Consequently, as discussed swpra, for federal habeas relief, White must rebut these state-court factual findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).
*382 Concomitantly, White must show the district court’s fact-finding on this issue is clearly erroneous. “If the district court’s account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently.” Myers v. Johnson, 76 F.3d 1330, 1333 (5th Cir.1996) (reviewing district court’s denial of habeas relief).
The district court fully considered the record; found it did not reflect bias by Juror 2; and, therefore, ruled White did not affirmatively prove bias. White v. Dretke, No. W-04-CA-041 (W.D. Tex. 20 Sep. 2005) (unpublished). Accordingly, pursuant to the above-described AEDPA standard of review, the district court held the state court’s rejecting this biased-juror claim was not unreasonable. Id.
During voir dire in White’s trial, the prosecutor began mixing his questions to the venire in such a way that it is unclear which of several questions he asked any particular venire member: (1) “Was there anything about [the fact that sexual assault is an issue in this case] that would make it difficult for you to serve as a juror in this case?”; (2) whether a venire member could be a fair and impartial juror; or (3) whether a venire member felt “[he/she] can’t put [some past experience] aside .... [he/she] cannot make a decision in this case”. Accordingly, it is imperative to understand the context within which Juror 2 responded.
During the prosecutor’s questioning of the venire, Juror 25 explained how painful the topic of White’s case was personally, because her sister had been raped and she (Juror 25) had been sexually abused by her father. The prosecutor responded: “Some of you have had life experiences that depending on what kind of trial came up, you would say, Can’t do it, not me. Pick somebody else. I could be real good in a burglary case, or I would be real good in a robbery case, but not this.”
The prosecutor then asked, “Anybody else?” Juror 2 responded: “Yes. My girlfriend was assaulted when she was a teenager, sexually assaulted.” The prosecutor replied: “Okay. Can you put that aside?” Juror 2 answered: “Probably not.” The prosecutor then asked: “So you feel like that would have some influence on your ability to reach a decision?” (Emphasis added.) The court reporter recorded the following response for Juror 2: “indicating”.
The prosecutor’s next statement advised the venire members to whom he was speaking that “the law requires you to set that aside if you are going to serve as a juror. But the law doesn’t make you give up your own personal beliefs. What you have got to be able to do is say, I’m sorry. If you put me in that chair, I will violate the law. Don’t make me do it, Judge. That’s the standard.” Juror 2 never made such a statement to the court.
Contrasting Juror 2’s statements with those of jurors in Virgil, 446 F.3d at 603-604, and United States v. Nell, 526 F.2d 1223, 1230 (5th Cir.1976), the state court was not unreasonable in concluding Juror 2 did not show bias.
In Virgil, venire-member Sims stated that memories of his mother’s being mugged were weighing on him as a potential juror in a case involving an assault on an elderly person. Therefore, the prosecutor in Virgil asked Sims if he “could not be fair and impartial”. Virgil, 446 F.3d at 604. Sims responded he believed he could not be fair and impartial. Id. Nevertheless, Sims served as a juror. In concluding Sims expressly admitted bias, our coui’t focused on the phrase “fair and impartial”, stating: “Sims’s unchallenged statements during voir dire that [he] could *383 not be ‘fair and impartial’ obligated Virgil’s counsel to use a peremptory or for-cause challenge”. Id. at 610.
Similarly, in Nell, the challenged venire member (who later served as a juror), having twice explained his feelings about the negative influence of labor unions, said his second statement “just reiterates my prejudice against the thing”. 526 F.2d at 1228 (emphasis added). Our court focused on the juror’s use of “prejudice”, concluding: “[The juror’s] articulated responses left no doubt as to his prejudice”. Id. at 1280.
Along those same lines, Virgil discusses a Sixth Circuit decision, Hughes v. United States, 258 F.3d 453, 456 (6th Cir.2001), which relied on our court’s decision in Nell. In Hughes, the trial judge asked whether the venire member’s relationship with a law enforcement officer “would prevent you from being fair in this case”. 258 F.3d at 456. The juror replied: “I don’t think I could be fair”. Id. Hughes focused on the word “fair” with regard to the juror’s attitudes.
In contrast, Juror 2 was not asked by the prosecutor whether he could be fair and impartial or whether he was prejudiced against White. Instead, Juror 2 was first asked whether he could put aside his girlfriend’s having been sexually assaulted, to which Juror 2 answered “probably not”. But, the record only shows “indicating” for Juror 2’s answer to the prosecutor’s follow-up question: “So you feel like that would have some influence on your ability to reach a decision?” Juror 2’s response was not like that of the biased juror in Virgil; instead, it was far more similar to that of the three jurors in Virgil, discussed below, found by our court not to have shown bias in their statements during voir dire.
In response to the defense counsel’s question in Virgil of whether “a witness who has a prior criminal case, if you are on the jury, is ... worthy of belief’, the three above-referenced jurors answered “no”. Virgil, 446 F.3d at 608. For those three, Virgil held:
[T]he response of the potential jurors hardly suggests a showing of bias.... [T]he Supreme Court has never required that jurors come ready to serve with a blank slate, without preconception or understanding of the real world.... Such a limited and natural response is insufficient to raise any obligation on the part of counsel to respond with a peremptory or for-cause challenge. As such, we cannot conclude [under AEDPA] that the state court’s decision was an unreasonable application of federal law.
Id, at 609. Virgil held that jurors cannot be expected to set aside their life experiences. Merely expressing that a life experience shades one’s Anew does not equate to bias.
More to the point, for this appeal, it is not sufficient, under AEDPA, to make the state court’s decision unreasonable. In other words, White has not made the requisite showing under AEDPA that the state court was unreasonable in not holding Juror 2 was biased. In this regard, he has not, by the requisite clear and convincing evidence, rebutted the presumption of correctness of the state court’s implied finding to that effect. Similarly, he has not shoAvn as clearly erroneous the district court’s finding White failed to do so.
B.
White’s other claim, that his counsel rendered ineffective assistance by not challenging Juror 2’s service on the jury, depends upon a finding in White’s favor on the biased-juror claim. Obviously, because that claim fails, the ineffective-assistance claim fails as well.
*384 III.
For foregoing reasons, the denial of ha-beas relief is AFFIRMED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.