IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2008

Charles R. Fulbruge III
Clerk

No. 05-51509

HAROLD ARTHUR WHITE

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, Director, Texas Department of Criminal
Justice, Correctional Institutions Division

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CV-41

Before WIENER, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Harold A. White appeals, pro se, the denial of his habeas application under
28 U.S.C. § 2254. Our court granted a COA for his two related claims regarding
Juror 2. White v. Quarterman, No. 05-51509 (5th Cir. 22 Dec. 2006)
(unpublished). AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

I.

Harold A. White was indicted for attempted sexual assault. His first trial ended in a mistrial in January 2001 because the jury was deadlocked. A jury, in a second trial later in 2001, convicted White as charged. He was sentenced to 65 years' imprisonment because he was a repeat offender. The judgment was affirmed on direct appeal. The Supreme Court of the United States denied review.

White filed a state-habeas application, raising numerous claims, including, regarding Juror 2: denial of a fair trial through a biased juror; and ineffective assistance of counsel based on that juror's being seated. The state-habeas trial court recommended denying relief, and the Texas Court of Criminal Appeals (TCCA) did so.

White next pursued federal habeas relief under 28 U.S.C. § 2254. Among other claims, he presented those described above regarding Juror 2. The district court denied both the petition on the merits and a COA. Our court granted a COA on whether: Juror 2 was biased; and counsel rendered ineffective assistance by not challenging that juror's service on the jury.

II.

White's 28 U.S.C. § 2254 habeas petition, having been filed in 2002, is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). E.g., Penry v. Johnson, 532 U.S. 782, 792 (2001). Habeas relief may not be granted unless the state-court proceeding either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding". 28 U.S.C. § 2254(d). The district court's factual findings are reviewed for clear error; its conclusions of law, de novo. E.g., Virgil v. Dretke, 446 F.3d 598, 604-05 (5th Cir. 2006).

A.

Juror bias vel non is a finding of fact.  E.g., id. at 610 n.52; see also Patton v. Yount, 467 U.S. 1025, 1036 (1984).  Pursuant to AEDPA, "a determination of a factual issue made by a state court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence".  28 U.S.C. § 2254(e)(1) (emphasis added).  Accordingly, as discussed supra, to succeed on his juror-bias claim, White must show "the adjudication of the claim [on the merits in State court proceeding] . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding".  28 U.S.C. § 2254(d)(2) (emphasis added).

The state-habeas trial court, on considering White's petition, recommended:  White had "the burden of proving his claim that [Juror 2 was] biased by a preponderance of the evidence, see Ex parte Rains, 555 S.W.2d 478 (Tex. Crim. App. 1977), but he ma[de] no such showing".  Ex parte White, No. 51,240-A (264th Dist. Ct., Bell County, Tex. 30 Sep. 2003) (unpublished).  Without assigning reasons, the TCCA rejected White's juror-bias claim.  Ex parte White, No. 57,296-01 (Tex. Crim. App. 10 Dec. 2003) (unpublished).  Accordingly, we assume the state court applied the proper law and then determine whether its decision was "contrary to" or "an objectively unreasonable application of that law".  Virgil, 446 F.3d at 604.

Along this line, by rejecting the juror-bias claim, the TCCA necessarily concluded White had not shown Juror 2 was biased.  As noted, this implied factual finding is entitled to deference.  28 U.S.C. § 2254(d)(2), (e)(1); Valdez v. Cockrell, 274 F.3d 941, 948 n.11 (5th Cir. 2001).  Consequently, as discussed supra, for federal habeas relief, White must rebut these state-court factual findings by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Concomitantly, White must show the district court's fact-finding on this issue is clearly erroneous. "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently." Myers v. Johnson, 76 F.3d 1330, 1333 (5th Cir. 1996) (reviewing district court's denial of habeas relief).

The district court fully considered the record; found it did not reflect bias by Juror 2; and, therefore, ruled White did not affirmatively prove bias. White v. Dretke, No. W-04-CA-041 (W.D. Tex. 20 Sep. 2005) (unpublished). Accordingly, pursuant to the above-described AEDPA standard of review, the district court held the state court's rejecting this biased-juror claim was not unreasonable. Id.

During voir dire in White's trial, the prosecutor began mixing his questions to the venire in such a way that it is unclear which of several questions he asked any particular venire member: (1) "Was there anything about [the fact that sexual assault is an issue in this case] that would make it difficult for you to serve as a juror in this case?"; (2) whether a venire member could be a fair and impartial juror; or (3) whether a venire member felt "[he/she] can't put [some past experience] aside . . . . [he/she] cannot make a decision in this case". Accordingly, it is imperative to understand the context within which Juror 2 responded.

During the prosecutor's questioning of the venire, Juror 25 explained how painful the topic of White's case was personally, because her sister had been raped and she (Juror 25) had been sexually abused by her father. The prosecutor responded: "Some of you have had life experiences that depending on what kind of trial came up, you would say, Can't do it, not me. Pick somebody else. I could be real good in a burglary case, or I would be real good in a robbery case, but not this."

The prosecutor then asked, "Anybody else?" Juror 2 responded: "Yes. My girlfriend was assaulted when she was a teenager, sexually assaulted." The prosecutor replied: "Okay. Can you put that aside?" Juror 2 answered: "Probably not." The prosecutor then asked: "So you feel like that would have some influence on your ability to reach a decision?" (Emphasis added.) The court reporter recorded the following response for Juror 2: "indicating".

The prosecutor's next statement advised the venire members to whom he was speaking that "the law requires you to set that aside if you are going to serve as a juror. But the law doesn't make you give up your own personal beliefs. What you have got to be able to do is say, I'm sorry. If you put me in that chair, I will violate the law. Don't make me do it, Judge. That's the standard." Juror 2 never made such a statement to the court.

Contrasting Juror 2's statements with those of jurors in Virgil, 446 F.3d at 603-604, and United States v. Nell, 526 F.2d 1223, 1230 (5th Cir. 1976), the state court was not unreasonable in concluding Juror 2 did not show bias.

In Virgil, venire-member Sims stated that memories of his mother's being mugged were weighing on him as a potential juror in a case involving an assault on an elderly person. Therefore, the prosecutor in Virgil asked Sims if he "could not be fair and impartial". Virgil, 446 F.3d at 604. Sims responded he believed he could not be fair and impartial. Id. Nevertheless, Sims served as a juror. In concluding Sims expressly admitted bias, our court focused on the phrase "fair and impartial", stating: "Sims's unchallenged statements during voir dire that [he] could not be 'fair and impartial' obligated Virgil's counsel to use a peremptory or for-cause challenge". Id. at 610.

Similarly, in Nell, the challenged venire member (who later served as a juror), having twice explained his feelings about the negative influence of labor unions, said his second statement "just reiterates my prejudice against the thing". 526 F.2d at 1228 (emphasis added). Our court focused on the juror's use

of "prejudice", concluding: "[The juror's] articulated responses left no doubt as to his prejudice". Id. at 1230.

Along those same lines, Virgil discusses a Sixth Circuit decision, Hughes v. United States, 258 F.3d 453, 456 (6th Cir. 2001), which relied on our court's decision in Nell. In Hughes, the trial judge asked whether the venire member's relationship with a law enforcement officer "would prevent you from being fair in this case". 258 F.3d at 456. The juror replied: "I don't think I could be fair". Id. Hughes focused on the word "fair" with regard to the juror's attitudes.

In contrast, Juror 2 was not asked by the prosecutor whether he could be fair and impartial or whether he was prejudiced against White. Instead, Juror 2 was first asked whether he could put aside his girlfriend's having been sexually assaulted, to which Juror 2 answered "probably not". But, the record only shows "indicating" for Juror 2's answer to the prosecutor's follow-up question: "So you feel like that would have some influence on your ability to reach a decision?" Juror 2's response was not like that of the biased juror in Virgil; instead, it was far more similar to that of the three jurors in Virgil, discussed below, found by our court not to have shown bias in their statements during voir dire.

In response to the defense counsel's question in Virgil of whether "a witness who has a prior criminal case, if you are on the jury, is . . . worthy of belief", the three above-referenced jurors answered "no". Virgil, 446 F.3d at 608. For those three, Virgil held:

> [T]he response of the potential jurors hardly suggests a showing of bias. . . . [T]he Supreme Court has never required that jurors come ready to serve with a blank slate, without preconception or understanding of the real world. . . . Such a limited and natural response is insufficient to raise any obligation on the part of counsel to respond with a peremptory or for-cause challenge. As such, we cannot conclude [under AEDPA] that the state court's decision was an unreasonable application of federal law.

Id. at 609.  Virgil held that jurors cannot be expected to set aside their life experiences.  Merely expressing that a life experience shades one's view does not equate to bias.

More to the point, for this appeal, it is not sufficient, under AEDPA, to make the state court's decision unreasonable.  In other words, White has not made the requisite showing under AEDPA that the state court was unreasonable in not holding Juror 2 was biased.  In this regard, he has not, by the requisite clear and convincing evidence, rebutted the presumption of correctness of the state court's implied finding to that effect.  Similarly, he has not shown as clearly erroneous the district court's finding White failed to do so.

## B.

White's other claim, that his counsel rendered ineffective assistance by not challenging Juror 2's service on the jury, depends upon a finding in White's favor on the biased-juror claim.  Obviously, because that claim fails, the ineffective-assistance claim fails as well.

## III.

For foregoing reasons, the denial of habeas relief is AFFIRMED.

DENNIS, Circuit Judge, specially concurring.

I agree that White did not rebut the state court's finding of no actual bias with clear and convincing evidence and that his case is distinguishable from Virgil v. Dretke, 446 F.3d 598 (5th Cir. 2006). However, I disagree with the opinion's application of the "clear error" standard of review to this case, because it is in conflict with holdings from four Circuits. I do not agree that, as a prerequisite to federal habeas relief, White must establish that the district court clearly erred when it determined that White did not rebut the state court's finding of no actual bias with clear and convincing evidence. The district court's determination that White did not rebut the state court's finding of fact relied solely on a review of state court records; there was no evidentiary hearing.[1] Applying the persuasive holdings from our sister Circuits, the district court's determination in this case cannot be considered a "finding of fact" that requires a deferential "clear error" review. While our court has not addressed this issue, four Circuits are in accord. For example, the Sixth Circuit has stated: "[f]actual determinations made by the district court are reviewed for clear error, except where the factual findings are based on the district court's review of state court trial transcripts and other court records, in which case they are considered de novo." Wilkins v. Timmerman-Cooper, 512 F.3d 768, 774 (6th Cir. 2008). "In such cases, because no credibility determination or findings of fact are required, factual conclusions are reviewed de novo." Dando v. Yukins, 461 F.3d 791, 796 (6th Cir. 2006). The Tenth Circuit has stated, "when . . . the district court's findings of fact are based merely on a review of the state record, we do not give them the benefit of the clearly erroneous standard but instead conduct an independent review." Spears v. Mullin, 343 F.3d 1215, 1225 (10th Cir. 2003); see

---

[1] The opinion cites to Myers v. Johnson, 76 F.3d 1330, 1333 (5th Cir. 1996) in support of the proposition that "White must show the district court's fact-finding on this issue is clearly erroneous." In Myers, the district court granted an evidentiary hearing and we accorded "clear error" deference to the findings of fact that followed the evidentiary hearing.

also Dugas v. Coplan, 506 F.3d 1, 7-8 (1st Cir. 2007); Re v. Snyder, 293 F.3d 678, 680 (3d Cir. 2002). As the First Circuit observed, "[w]hen the district court undertakes no independent factfinding in a habeas case, we are effectively in the same position as the district court vis-á-vis the state court record and have the ability to review that record from the same vantage point. Consequently, the district court's recension of that record will engender de novo review." Pike v. Guarino, 492 F.3d 61, 68 (1st Cir. 2007); see also Dugas, 506 F.3d at 7-8, Dando, 461 F.3d at 796. Accordingly, I disagree with the opinion to the extent it conflicts with the holdings from our sister Circuits and does not review the district court's determination de novo.