

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,150

### EX PARTE MACEO WAITES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. F10734-A IN THE 115TH JUDICIAL DISTRICT COURT FROM MARION COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to sixty-five years' imprisonment.

Applicant contends, *inter alia*, that his appellate counsel rendered ineffective assistance because he failed to request preparation of a statement of facts, and failed to file an appellate brief, thereby depriving Applicant of a meaningful appeal. *See Ex parte Perez*, 479 S.W.2d 283, 284 (Tex. Crim. App. 1972). We remanded this application to the trial court for findings of fact and

conclusions of law.

The trial court held a habeas hearing, at which Applicant's appellate counsel, who also represented Applicant at trial, testified. At the hearing, appellate counsel conceded that he had been appointed to represent Applicant on direct appeal, that he believed that there was little or no error committed during the trial itself, and that he did not file an appellate brief. Counsel testified that he advised Applicant's family that they should retain a different attorney to represent Applicant on direct appeal, and that he believed that they "were going to try to come up with the money to have the case reviewed[.]" However, appellate counsel gave no explanation for why he accepted the appointment to represent Applicant on appeal, or for his failure to request preparation of a statement of facts or file an appellate brief, other than Applicant's inability to pay. It appears that counsel's decisions not to request preparation of a statement of facts or file an appellate brief were not strategic, but were economic decisions. *See Ex parte Briggs*, 187 S.W.3d 458, 467 (Tex. Crim. App. 2005).

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. F10734-A from the 115th Judicial District Court of Marion County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: May 6, 2009
Do Not Publish