82,748-02

To the Honorable Court of Criminal Appeals, Jan. 14, 2015

On Nov. 13, 2014 I filed an application for Writ of Habeas Corpus Art. 11.07 of C.C.P. with CHRIS DANIEL of Harris County District Clerk's office.

I got Notice it was received Dec. 9, 2014 concerning cause number(s) 1029072-A and 1080203-A in the 338th District Court. (State's Answer)

On Dec. 22, 2014 Notice of the States Proposed Finding of Fact and Order were issued concerning cause numbers(s) 1029072-A and 1080203 in the 338th District Court.

Applicant is filing this complaint with the Court of Criminal Appeals because he NEVER RECEIVED Notice the Honorable Court EVER RECEIVED his Application for 11.07 of C.C.P. Writ of Habeas Corpus filed with the District Clerk's office.

Applicant NEVER RECEIVED (White Card) with a Court of Criminal Appeal number referring to cause number(s) 1029072-A nor 1080203-A of the 338th District Court in Harris County.

This violates applicants time to make proposed reply to Findings of Fact nor States Answer.

Applicant wishes the Honorable Court of Criminal Appeal to act on issues raised in complaint copies are enclosed

Respectfully, Pro Se

Print: SHAWN D Evans 1387198

Sign: Shawn Evans 1387198 (Allred unit)

2101 FM 369 North

Iowa park, Texas 76367

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 26 2015

Abel Acosta, Clerk

# COURT OF CRIMINAL APPEALS OF TEXAS
## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

### INSTRUCTIONS

1. You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2. The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3. You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7. Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9. When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10. You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

Rev. 01/14/14

Case No. _____
(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: Shawn Evans

DATE OF BIRTH: 2-1-78

PLACE OF CONFINEMENT: James Allred Unit

TDCJ-CID NUMBER: 1387198          SID NUMBER: 0 5 7 1 9 2 2 2

(1)    This application concerns (check all that apply):

☐    a conviction              ☐    parole

☐    a sentence               ☑    mandatory supervision

☐    time credit               ☐    out-of-time appeal or petition for
                                     discretionary review

(2)    What district court entered the judgment of the conviction you want relief from?
       (Include the court number and county.)

       _____

(3)    What was the case number in the trial court?

       _____

(4)    What was the name of the trial judge?

       _____

Rev. 01/14/14

(5)     Were you represented by counsel? If yes, provide the attorney's name:

_____

(6)     What was the date that the judgment was entered?

_____

(7)     For what offense were you convicted and what was the sentence?

_____

(8)     If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

_____

_____

(9)     What was the plea you entered? (Check one.)

      ☐ guilty-open plea        ☑ guilty-plea bargain
      ☐ not guilty             ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

_____

_____

(10)    What kind of trial did you have?

      ☐ no jury           ☐ jury for guilt and punishment
                            ☐ jury for guilt, judge for punishment

2

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

_____

(12) Did you appeal from the judgment of conviction?

☐ yes ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? _____

(B) What was the case number? _____

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

_____

(D) What was the decision and the date of the decision? _____

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? _____

(B) What was the decision and the date of the decision? _____

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes ☐ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? _____

3

(B) What was the decision and the date of the decision? _____

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____

_____

_____

_____

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                           ☐ no

If you answered yes, please provide the name of the court and the case number:

_____

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                           ☐ no

If you answered yes, answer the following questions:

(A) What date did you present the claim? _____

(B) Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

4

_____

_____

_____

_____

_____

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

## NOTICE OF INITIAL DISCRETIONARY MANDATORY REVIEW

(Exhibit A)

NAME: EVANS, SHAWN D
SID NUMBER: 05719222        TDCJ-ID NUMBER: 01387198
TDCJ-ID UNIT OF ASSIGNMENT: ALLRED
HOUSING ASSIGNMENT: BLDG 8-J-2 ROW 3     CELL: 46

SUBJECT: HB 1433 Initial Discretionary Mandatory Supervision Review

Records indicate you have a conviction with an offense date after 08/31/96 and you are eligible for Mandatory Supervision; however, your release to Mandatory Supervision will not occur if the Board of Pardons and Paroles determines that your accrued good conduct time is not an accurate reflection of your potential for rehabilitation and your release will endanger the public. (See Texas Government Code Section 508.149(b)). This determination is independent of any parole review decisions and will occur prior to your Projected Release Date as determined by TDCJ CID Classification and Records. Records currently reflect your Projected Release Date as <u>05/28/2014</u>.

If you wish to submit any additional information to the Board, you must do so in writing and deliver it to your unit Institutional Parole Office <u>within 30 days from the date you receive and/or sign this notice.</u> The Board will review your file and all available records after the 30 day period has expired and no earlier than 60 days before your Projected Release Date to determine if you will be released.

After the Discretionary Mandatory Supervision review is completed, you will be notified of the Board's decision to either:

\* Grant your release on Mandatory Supervision (RMS)

OR

\* Deny Mandatory Supervision (DMS), and assign you a next review (NR) date for release consideration.

Should you have any questions regarding this notice you are to contact your unit Institutional Parole Office.

Offender signature _Shawn Evans_      Date 1/28/14

Witness signature _Koster_      Date 1/28/14

30 DAYS FROM THE DATE YOU RECEIVED AND/OR SIGNED THIS NOTICE IS:

2-28-14

H.B. 1433 NOTICE
CC: INMATE - TDCJ-ID        AD409: N
    TDCJ-PD INMATE FILE       REG: N

NAME: EVANS,SHAWN D                      TDC NO: 01387198    UNIT: JA
                                         RACE: B

*PREV PRJ-REL-DATE:     08 11 2021
*PRES PRJ-REL-DATE:     08 11 2021    MAX-EXP-DATE:        08 11 2021
*INMATE STATUS:         S3 W          MAX TERM:            15 00 00


   FLAT TIME CREDITED:      8 02 09   CALC BEGIN DATE:     08 12 06
   GOOD TIME CREDITED:      5 01 00   TDC RECEIVE DATE:    09 12 06
   BONUS TIME CREDITED:     0 00 00   GOOD TIME LOST:            30
   WORK TIME CREDITED:      2 08 08   WORK TIME LOST:            0
*TOTAL TIME CREDITED:     15 11 17


*STATUS EFFECT DATE:     11 04 13    JAIL GOOD TIME RECEIVED: YES
PAROLE DATA: SUBMITTED FOR BOARD REVIEW

*MONTHLY ABSENCE CALCULATION*     23.0 ABSENCES FOR 09/14

ANY ERRORS IN THE NUMBER OF DAYS OF UNEXCUSED ABSENCES MUST BE
REPORTED TO THE ABSENTEE TRACKING COORDINATOR ON YOUR UNIT NO
LATER THAN SIX MONTHS FOLLOWING THE REPORTED MONTH.  FAILURE TO
REPORT ERRORS MEANS AGREEMENT WITH THE REPORTED ABSENCES.

**GROUND ONE:**

The Parole Panel has misdirected the Board of Pardons and Parole about the rules for Mandatory Supervision Parole

**FACTS SUPPORTING GROUND ONE:**

Inmate does not have a case under the (H.B. 1433) Discretionary Mandatory Supervision guide lines. Inmate does not have a conviction under Code of Criminal Procedures 42.12 3g(a)(2) Inmate does fall under Government Code 508.145(f) Except as provided by Section 508.146, any other inmate is eligible for release on parole when the inmate's actual calender time served plus good conduct time equals one-forth of the sentence imposed or 15 years, whichever is less. Inmates case is not one listed under Government Code 508.149(a) nor (b). Inmate has no convictions where a deadly weapon was used nor exhibited during the commission of a felony or during immediate flight therefrom.

6.



Rev. 01/14/14

**GROUND TWO:**

_____

_____

**FACTS SUPPORTING GROUND TWO:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8



Rev. 01/14/14

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Rev. 01/14/14



11

Rev. 01/14/14

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Rev. 01/14/14

13

**GROUND:**

Mandatory Supervision was taken

**FACTS SUPPORTING GROUND:**

Attached are Exhibit (A) Notice of initial discetionary Mandatory Supervision review Date 1-28-2014 and Exhibit (B) T.D.C.J. - I.D. Inmate Timeslips dated 10-20-2014

14

Rev. 01/14/14



15

Rev. 01/14/14

## WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.

### VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _Shawn Evans_____, am the (applicant)/ petitioner (circle one) and

being presently incarcerated in _TDCJ-ID_____, declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _11_/_13_/_____, 20 _14_.

_Shawn Evans_____
Signature of (Applicant)/ Petitioner (circle one)

17

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____


Signed on _____, 20_____


_____
Signature of Petitioner


18



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

December 9, 2014

SHAWN D. EVANS
#1387198 ALLRED UNIT
2101 FM 369 NORTH
IOWA PARK, TEXAS 76367

To Whom It May Concern:

Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, please find enclosed copies of the documents indicated below concerning the Post Conviction Writ filed in cause number 1029072-A in the 338th District Court.

☒ State's Original Answer Filed December 9, 2014

☐ Affidavit ,

☐ Court Order Dated ,

☐ Respondent's Proposed Order Designating Issues and Order For Filing Affidavit.

☐ Respondent's Proposed Findings of Fact and Order ,

☐ Other

Sincerely,

Leslie Hernandez, Deputy
Criminal Post Trial

lah

Enclosure(s) – STATE'S ORIGINAL ANSWER

F I L E D
Chris Danie:
District Clerk

DEC 09 2014
Time:_____4:23
Harris County, Texas
By_____
Deputy

CAUSE NO. 1029072-A

EX PARTE                           §           IN THE 338TH DISTRICT COURT

                                   §                        OF

SHAWN D. EVANS,                    §           HARRIS COUNTY, TEXAS
Applicant

## STATE'S ORIGINAL ANSWER

The State of Texas, through its Assistant District Attorney for Harris County,

files this, its original answer in the above-captioned cause, having been served

with an application for writ of habeas corpus pursuant to TEX. CRIM. PROC. CODE

ANN. art. 11.07 §3, and would show the following:

I.

The applicant is confined pursuant to the judgment and sentence of the

338th District Court of Harris County, Texas, in cause number 1029072, where the

applicant pled guilty and was convicted of the felony offense of possession of a

firearm by a felon.[1] The trial court assessed punishment in accordance with the

agreed plea bargain at fifteen (15) years confinement in the Texas Department of

Criminal Justice – Institutional Division and ordered that the sentences in cause

numbers 1080203 and 1029072 run concurrently. No direct appeal was taken.

---

[1] The applicant also pled guilty and was convicted of the felony offense of possession of a deadly weapon in a penal institution in cause number 1080203.

## II.

The State denies the factual allegations made in the instant application, except those supported by official court records, and offers the following additional reply:

### REPLY TO APPLICANT'S SOLE GROUND FOR RELIEF

The applicant seems to allege he is being denied release to parole and that his conviction does not fall under discretionary mandatory supervision. Specifically, the applicant alleges that he does not have a case that falls under the discretionary mandatory supervision guidelines and he was not convicted of an offense where a deadly weapon was used. *Applicant's Writ at 6*. The applicant further alleges that he is eligible for release on parole when his actual calendar time served plus good conduct time equals one-fourth of the sentence imposed. *Applicant's Writ at 6*.

An offender's eligibility for mandatory supervision is determined by whether the offense of conviction was an eligible offense on the date it was committed. *Ex parte Mabry*, 137 S.W.3d 58, 62 (Tex. Crim. App. 2004). Subject to certain exceptions, a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served, plus any accrued good conduct time, equals the term to which the inmate.

2

was sentenced. Tex. Gov't Code Ann. §508.147(a). However, an inmate may not be released to mandatory supervision if a parole panel determines in writing that: (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public. Tex. Gov't Code Ann. §508.149(b). To satisfy due process, the parole board must provide an inmate with notice that he will be considered for release on mandatory supervision prior to the review taking place. *Ex parte Geiken*, 28 S.W.3d 553, 560 (Tex. Crim. App. 2000). A decision under §508.149(b) is not subject to administrative or judicial review. Tex. Gov't Code Ann. §508.149(d).

The applicant committed the offense for which he is serving his sentence in the primary case on June 1, 2005. *State's Writ Exhibit "A", Judgment of Conviction by Court – Waiver of Jury Trial in cause number 1029072.* The applicant is mistaken in his assertion that his conviction does not fall under the discretionary mandatory supervision guidelines. To the contrary, the applicant is eligible for Discretionary Mandatory Supervision because his conviction for possession of a deadly weapon in a penal institution was not listed as one of the ineligible offenses on the date the applicant committed the offense. Tex. Gov't Code Ann. §508.149(a) (West 2001). The applicant was given notice of the Discretionary Mandatory Supervision review on January 28, 2014. *Applicant's*

3

*Writ Exhibit "A", Notice of Initial Discretionary Mandatory Review.* The applicant was denied release to Discretionary Mandatory Supervision on April 14, 2014 for the following documented reasons: (1) the record indicates the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts when released; (2) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (3) the inmate's release would endanger the public. *State's Writ Exhibit "B", TDCJ Parole Review Information for Shawn Evans, TDCJ Number 01387198.* His next parole review date is in April, 2015. *State's Writ Exhibit "B".* The applicant does not argue he was denied due process, or that the parole board failed to follow the proper procedures in denying his release on mandatory supervision, therefore, the applicant has failed to plead and prove facts which would entitle him to relief. *See Ex parte Rains*, 555 S.W.2d 478, 481 (Tex. Crim. App. 1976) (in order to obtain habeas corpus relief, an applicant must plead and prove facts which entitle him to relief and he must prove his claim by a preponderance of the evidence.)

The applicant's claim should be dismissed.

4

## III.

The applicant raises questions of law and fact which can be resolved by the Court of Criminal Appeals upon review of official court records and without the need for an evidentiary hearing.

## IV.

Service has been accomplished by sending a copy of this instrument to the following address:

Shawn Evans
TDCJ ID# 1387198 Allred Unit
2101 FM 369 North
Iowa Park, Texas 76367

SIGNED this 9th day of December, 2014.

Respectfully submitted,

_____
Jill Foltermann Burdette
Assistant District Attorney
Harris County District Attorney's Office
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
Texas Bar ID #24055492

5

## Certificate of Compliance

The State of Texas, through its Assistant District Attorney for Harris County, files this, its Certificate of Compliance in the above-captioned cause, having been served with an application for writ of habeas corpus pursuant to TEX. CRIM. PROC. CODE ANN art. 11.07 § 3. The State certifies that the number of words in the State's Answer, including the Certificate of Compliance, is 996.

SIGNED this 9th day of December, 2014.

Respectfully submitted,

Jill Foltermann Burdette
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
(713) 755-5809 (fax)
Texas Bar ID #24055492





STATE'S
EXHIBIT
A

PENGAD 800-631-6989

## CASE NO. 1029072
### INCIDENT NO./TRN: 9036040043-A001

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 338TH DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| SHAWN K. EVANS | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX05719222 | § | |

# JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. BROCK THOMAS | Date Judgment Entered: | 8/15/2006 |
|---|---|---|---|
| Attorney for State: | SEAN MCALISTER | Attorney for Defendant: | RANDALL AYERS |

**Offense for which Defendant Convicted:**
**POSSESSION OF FIREARM BY FELON**

| Charging Instrument: | Statute for Offense: |
|---|---|
| INDICTMENT | N/A |

**Date of Offense:**
**6/1/2005**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| 3RD DEGREE FELONY | GUILTY | N/A |

**Terms of Plea Bargain:**
**THE 2ND ENHANCEMENT PARAGRAPH IS ABANDONED AND DISMISSED, 15 YEARS TDC**

| Plea to 1st Enhancement Paragraph: | TRUE | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | TRUE | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Date Sentence Imposed: | 8/15/2006 | Date Sentence to Commence: | 8/15/2006 |
|---|---|---|---|

| Punishment and Place of Confinement: | 15 YEARS INSTITUTIONAL DIVISION, TDCJ |
|---|---|

**THIS SENTENCE SHALL RUN CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** YEARS.

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ N/A | $ 226.00 | $ N/A | ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

**The age of the victim at the time of the offense was N/A** .

_If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order._

**Time Credited:** From 6/1/2005 to 8/15/2006     From     to     From     to
From     to     From     to     From     to

_If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below._

**N/A DAYS     NOTES: N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Harris County, Texas**. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging



The Court **FINDS** Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court **FINDS** the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the **Sheriff** of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the **Harris County District Clerk's office.** Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the **Sheriff of Harris County, Texas** on the date the sentence is to commence. Defendant shall be confined in the **Harris County Jail** for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the **Harris County District Clerk's office.** Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court **ORDERS** Defendant to proceed immediately to the **Office of the Harris County District Clerk.** Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court **ORDERS** Defendant's sentence **EXECUTED.**

☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED.** The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

_____

**Signed and entered on August 15, 2006**

X_____

**BROCK THOMAS**
**JUDGE PRESIDING**

Ntc Appeal Filed:_____ Mandate Rec'd:_____

Mandate Received: _____

After Mandate Received, Sentence to Begin Date is:_____

Received on _____ at _____ AM / PM

By:_____, Deputy Sheriff of Harris County

## "Appeal waived. No permission to appeal granted."

Clerk: N. LOPEZ

Right Thumbprint


Certified Document Number: 24005206 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 9, 2014

Certified Document Number:        24005206 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**★ TEXAS DEPARTMENT OF CRIMINAL JUSTICE**   TDCJ Home   New Offender Search

**Name:** EVANS, SHAWN D        **SID Number:** 05719222        **TDCJ Number:** 01387198

# Parole Review Information

## Parole Review Status

**Offender is currently in the Parole Review Process**

The parole review process begins approximately six months before the parole eligibility date for a first review and four months before the eligibility date in additional reviews. The process begins with the offender's file being reviewed for all appropriate documents, including letters of support and protest. An Institutional Parole Officer reviews the file and interviews the offender before preparing a case summary for the Board voting panel. The Board normally will vote on the case just prior to the parole eligibility date.

Offenders eligible for mandatory supervision who committed an offense since September 1, 1996 are reviewed for Discretionary Mandatory Supervision (DMS). An offender who has received a Serve All vote is reviewed for possible release to DMS by a Board panel prior to being released on the projected release date.

## Last Parole Decision

**Denied on 04/14/2014**

DMS (04/2015)- Deny release to Discretionary Mandatory Supervision and set for next review.
Denial reason(s): 9D1, 9D2, 1D

* Note: One or more of the components indicated in each paragraph may apply, but only one is required for denial (D).

**1D CRIMINAL HISTORY** - THE RECORD INDICATES THAT THE INMATE HAS REPEATEDLY COMMITTED CRIMINAL EPISODES OR HAS A PATTERN OF SIMILAR OFFENSES THAT INDICATES A PREDISPOSITION TO COMMIT CRIMINAL ACTS WHEN RELEASED; OR THE RECORD INDICATES THAT THE INMATE IS A LEADER OR ACTIVE PARTICIPANT IN GANG OR ORGANIZED CRIMINAL ACTIVITY; OR THE RECORD INDICATES A JUVENILE OR AN ADULT ARREST OR INVESTIGATION FOR FELONY AND MISDEMEANOR OFFENSES.

**9D1 DISCRETIONARY MANDATORY SUPERVISION** - THE RECORD INDICATES THAT THE INMATE'S ACCRUED GOOD CONDUCT TIME IS NOT AN ACCURATE REFLECTION OF THE INMATE'S POTENTIAL FOR REHABILITATION.

**9D2 DISCRETIONARY MANDATORY SUPERVISION** - THE RECORD INDICATES THAT THE INMATE'S RELEASE WOULD ENDANGER THE PUBLIC.


STATE'S
EXHIBIT
B

## Next Parole Review Date

**04/2015**

Back

---

For questions and comments concerning Parole Review Information, please contact the Texas Board of Pardons and Paroles at 844-512-0461 or bpp-osw@tdcj.texas.gov. This information is made available to the public and law enforcement in the interest of public safety. Any unauthorized use of this information is forbidden and subject to criminal prosecution.

The Texas Department of Criminal Justice updates this website regularly to ensure it is complete and accurate — please be aware, this information can change unexpectedly. This website is regenerated on working days only and the offender status information is at least 24 hours old. Therefore, details about an offender's parole review information may not accurately reflect "real time" status.

For technical difficulties with the search, please email: webadmin@tdcj.texas.gov and explain the problem you hare having. We will address the issue as quickly as possible.

---

New Offender Search    TDCJ Home Page

STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

DEC 09 2016

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

December 22, 2014

SHAWN K. EVANS
#1387198 ALLRED UNIT
2101 FM 369 NORTH
IOWA PARK, TEXAS 76367

To Whom It May Concern:

Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, please find enclosed copies of the documents indicated below concerning the Post Conviction Writ filed in cause number 1029072-A in the 338th District Court.

☐ State's Original Answer Filed                        ,

☐ Affidavit           ,

☐ Court Order Dated            ,

☐ Respondent's Proposed Order Designating Issues and Order For Filing Affidavit.

☒ Respondent's Proposed Findings of Fact and Order December 17, 2014

☐ Other

Sincerely,

Leslie Hernandez, Deputy
Criminal Post Trial

lah

Enclosure(s) – STATE'S PROPOSED FINDINGS OF FACT AND ORDER

.R' .R .RJ .RJ .R.P
Chris Daniel
District Clerk

DEC 0 9 2014
Time:_____4·23
Harris County, Texas
By_____
Deputy

CAUSE NO. 1029072-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 338TH DISTRICT COURT |
| | § | OF |
| SHAWN D. EVANS,<br>Applicant | § | HARRIS COUNTY, TEXAS |

## STATE'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

The Court has considered the application for writ of habeas corpus, the State's Original Answer, and official court records in the above-captioned cause. The Court finds that there are no controverted, previously unresolved facts material to the legality of the applicant's confinement which require an evidentiary hearing and recommends that the relief requested be denied based on the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The applicant is confined pursuant to the judgment and sentence of the 338th District Court of Harris County, Texas, in cause number 1029072, where the applicant pled guilty and was convicted of the felony offense of possession of a firearm by a felon.

2. The applicant also pled guilty and was convicted of the felony offense of possession of a deadly weapon in a penal institution in cause number 1080203.

3. The trial court assessed punishment in accordance with the agreed plea bargain at fifteen (15) years confinement in the Texas Department of



Criminal Justice – Institutional Division and ordered that the sentences in cause numbers 1080203 and 1029072 run concurrently.

4.   No direct appeal was taken in the primary case.

5.   No direct appeal was taken in cause number 1080203.

6.   The applicant committed the offense for which he is serving his sentence in the primary case on June 1, 2005.

7.   The applicant is eligible for discretionary mandatory supervision.

8.   The applicant's conviction for possession of a firearm by a felon was not listed as one of the ineligible offenses on the date the applicant committed the offense.

9.   The applicant was given notice of the Discretionary Mandatory Supervision review on January 28, 2014.

10.  The applicant was denied release to Discretionary Mandatory Supervision on April 14, 2014.

11.  The board made the following documented reasons for the denial of applicant's release to discretionary mandatory supervision:  (1) the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts when released; (2) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (3) the inmate's release would endanger the public.

12.  The applicant's next parole review date is April, 2015.

13.  The applicant does not allege he was denied due process.

14.  The applicant does not allege that the parole board failed to follow the proper procedures in denying his release on mandatory supervision.

2

## CONCLUSIONS OF LAW

1. The applicant's eligibility for mandatory supervision is determined by whether the offense of conviction was an eligible offense on the date it was committed. *Ex parte Mabry*, 137 S.W.3d 58, 62 (Tex. Crim. App. 2004).

2. The applicant is eligible for discretionary mandatory supervision because his conviction for possession of a firearm by a felon was not listed as one of the ineligible offenses on June 1, 2005. Tex. Gov't Code Ann. §508.149(a) (West 2001).

3. Subject to certain exceptions, a patrol panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served, plus any accrued good conduct time, equals the term to which the inmate was sentenced. Tex. Gov't Code. Ann. §508.147(a).

4. An inmate may not be released to mandatory supervision if a parole panel determines in writing that: (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public. Tex. Gov't Code Ann §508.149(b).

5. The applicant was provided due process because he was given notice that he would be considered for release on mandatory supervision prior to the review taking place. *Ex parte Geiken*, 28 S.W.3d 553, 560 (Tex. Crim. App. 2000).

6. The parole board's decision to deny the applicant release on mandatory supervision is not subject to administrative or judicial review. Tex. Gov't Code Ann. §508.149(d).

7. The applicant fails to plead and prove facts which would entitle him to habeas corpus relief because he does not allege he was denied due process, or that the parole board failed to follow the proper procedures in

3

denying his release on mandatory supervision. *Ex parte Rains*, 555 S.W.2d 478, 481 (Tex. Crim. App. 1976).

8. In all things, the applicant fails to prove his conviction and sentence were improperly obtained, or that he is being improperly confined.

Accordingly, it is recommended to the Texas Court of Criminal Appeals that the instant application for writ of habeas corpus be dismissed and that all requested habeas relief be denied.

## ORDER

THE CLERK IS **ORDERED** to prepare a transcript of all papers in cause number 1029072-A and transmit same to the Court of Criminal Appeals as provided by TEX. CRIM. PROC. CODE ANN art. 11.07. The transcript shall include certified copies of the following documents:

1. The application for writ of habeas corpus;

2. The State's Answer;

3. The Court's order

4. The indictment, judgment and sentence, and the docket sheets in cause number 1029072;

5. State's Proposed Findings of Fact, Conclusions of Law and Order; and

6. The applicant's Proposed Findings of Fact (if any).

4

THE CLERK is further **ORDERED** to send a copy of this order to the applicant,

Shawn Evans, TDCJ ID#1387198 Allred Unit, 2101 FM 369 North, Iowa Park, Texas

76367; and to counsel for the State, Jill F. Burdette, 1201 Franklin, Suite 600,

Houston, Texas 77002.

**By the following signature, the Court adopts the State's Proposed Findings of Fact, Conclusions of Law and Order in Cause Number 1029072-A.**

Signed on the ____17____ day of ____December_____, 2014.

_____

JUDGE PRESIDING

5



STATE OF TEXAS
COUNTY OF HARRIS

I, ........., District Clerk of Harris County, Texas, certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office this

DEC 2 2 2014

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that I have served a copy of the "State's Proposed Findings of Fact, Conclusions of Law and Order in cause number 1029072-A to the applicant on December 9, 2014 by mail as follows:

Shawn Evans
TDCJ ID#1387198 Allred Unit
2101 FM 369 North
Iowa Park, Texas 76367

**FILED**
Chris Daniel
District Clerk

DEC 09 2014

Time: 4:23
Harris County, Texas

By_____ Deputy

_____
Jill Foltermann Burdette
Assistant District Attorney
Harris County District Attorney's Office
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
Texas Bar ID#24055492

6

STATE OF TEXAS HARRIS
COUNTY

I, C... Harris County, Texas, certify that
this ... original record filed and or recorded
in my ... copy as it appears on this date.
Witness ... and seal of office this

DEC 2 2 2014

CHRISTOPHER ... DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy